IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

APR - 6 2023

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

Michael Magness, Petitioner    )
                               )
v.                             )   Case No: CIV-22-376-JFH-KEW
                               )
Pettigrew, Respondent          )

**REPLY TO RESPONSE IN OPPOSITION OF PETITIONER'S MOTION FOR DISCOVERY**

Petitioner, Michael Magness, Pro Se, hereby refutes the Respondent's claims in their RESPONSE IN OPPOSITION TO MOTION FOR DISCOVERY. [Doc. 15, filed on 3/27/2023] Petitioner shows the following:

1) Respondent claims Petitioner has the "…simple desire to search the record for error." However, this argument is without merit as any such search would be irrelevant to this proceeding. Petitioner is fully cognizant that any error not already raised is barred and, more specifically, the Reply may only address argument raised in the Response.

2) Respondent claims Petitioner "…has already filed a very detailed habeas petition without the state record." However, in their RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS, [Doc. 9] the Respondent complains multiple times that Petitioner's claims are unclear, lacking specific citation, or overly vague. Despite Petitioner's best efforts to utilize his handwritten notes

Page 1 | 3

in the crafting of the original application, said notes are wholly inadequate to provide a meaningful Reply. Petitioner also finds it frustrating that the exact argument used to deny access to these records prior to crafting his claims are now again being used to deny access in refuting specific argument.

   3) Respondent claims that the "…portions of the transcript that Respondent deemed relevant…" put the Petitioner "on equal footing in replying to Respondent's Response"; however, this does not hold true. In addition to the reasoning above, many of the arguments in the Respondent's RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS, [Doc. 9] revolve around claims which may be refuted by the sections of the record not included. For instance, Respondent claims "no objection" was made to certain witness's non-expert testimony; however, it is Petitioner's true belief that an objection was made at the end of the previous day's record in anticipation of said testimony and so it is not in the selected sections because it was not immediately apparent in the record near the testimony itself. Another major issue is that Petitioner's handwritten notes concerning the seventh volume of the Trial Transcripts are completely missing. (They disappeared after a shakedown conducted while I was working with them in the original post-conviction.) And so I am completely without the ability to support my claims against

Titsworth's testimony and the Prosecution's misconducts associated with it.

4) Petitioner would also like to point out that a copy of many of these documents should already exist and be stored with the District Court of Okfuskee County as part of the standard procedure for OIDS representation on Direct Appeal (unless of course the State also failed in this, which may account for part of Appellate Counsel's deficiency) and that checking out the Defendant's Copy of these documents will cost nothing more than the shipping.

For the reasons above, Petitioner believes this request to be reasonable / justified, and asks that an Order in support of Petitioner's MOTION FOR DISCOVERY be granted. If however, this Court believes Petitioner's request to be overly broad, Petitioner requests he be granted thirty (30) days to draft a comprehensive list of specific arguments / reasoning for each document requested.

Respectfully Submitted,

_____                                    3/31/23
Michael Magness, 765965                                      Date
JHCC, C-1-213
PO Box 548
Lexington, OK 73051

## VERIFICATION

State of Oklahoma,    )
                      ) ss.
County of Cleveland   )

    I, Michael Magness, do swear, by penalty of perjury, that I have read the foregoing REPLY TO RESPONSE IN OPPOSITION OF PETITIONER'S MOTION FOR DISCOVERY in, Case No. CIV-22-376-JFH-KEW, and that the statements therein are true to the best of my knowledge and belief.

_____       3/31/23
Michael Magness                              Date
Petitioner, Pro Se

## CERTIFICATE OF MAILING

    I, Michael Magness, do hereby affirm that on 3/31/23 a complete copy of the REPLY TO RESPONSE IN OPPOSITION OF PETITIONER'S MOTION FOR DISCOVERY in, Case No. CIV-22-376-JFH-KEW, was delivered to the Joseph Harp Correctional Center's Law Library, preaddressed and postage prepaid, to be mailed to the address below:

Office of Attorney General          United States Eastern District
State of Oklahoma                    Court Clerk's Office
313 N.E. 21                                PO Box 607
Oklahoma City, OK 73105             Muskogee, OK 74402

_____      3/31/23
Michael Magness, 765965              Date
JHCC, C-1-213
PO Box 548
Lexington, OK 73051