IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL D. MAGNESS,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    Case No. CIV-22-376-JFH-KEW |
| | ) |
| **LUKE PETTIGREW,** | ) |
| | ) |
|     **Respondent.** | ) |

### RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR LEAVE TO AMEND PETITIONER'S MOTION FOR DISCOVERY

The Attorney General of the State of Oklahoma, Gentner F. Drummond, appearing on behalf of the above-named Respondent, hereby objects to Petitioner's Request for Leave to Amend Petitioner's Motion for Discovery, filed on April 17, 2023 (hereinafter Motion). Doc. 17. For the reasons set forth below, Petitioner's Motion should be denied.

### ARGUMENT AND AUTHORITY

On March 3, 2023, Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. 9. Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases, which requires the respondent to "attach to the answer parts of the transcript that the respondent considers relevant," Respondent attached all of the pages of the original record and the transcripts cited in responding to the allegations in Petitioner's petition as Exhibits 12 and 13, respectively. Doc. 9-12; Doc. 9-13. In addition, Respondent conventionally filed the following state court record: transcripts of the hearing on the State's notice of intent to introduce evidence of other crimes or bad acts, held on February 28, 2018; the eight-volume jury trial (Tr. I-VIII); the sentencing proceeding; the five-volume original record (O.R. I-V); and the trial exhibits. Doc. 9 at 19. Respondent further noted that transcripts of other hearings, including the preliminary hearing, and

a hearing on Petitioner's motion to sever and motion in *limine*, were available, but not relevant to the issues presented. Doc. 9 at 19-20.

On March 13, 2023, Petitioner filed a motion for an extension of time in which to reply to Respondent's Response, and this Court granted his request on the same day, ordering that any reply would be due on or before May 1, 2023. Doc. 12; Doc. 13. On March 17, 2023, Petitioner filed a Motion for Discovery, which in substance was a request for the state court record Respondent conventionally filed with its Response in Opposition to Petition for Writ of Habeas Corpus. Doc. 14.

On March 27, 2023, Respondent filed a Response in Opposition to Petitioner's Motion for Discovery. Doc. 15. Therein, Respondent argued that Petitioner's motion should be denied because he made no effort to demonstrate that a free copy of the transcripts would serve any necessary goal. Doc. 15. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976) (holding that free access to records and transcripts of a criminal trial is not an absolute right of an indigent defendant); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (applying *MacCollom* to refuse habeas petitioner's request for free transcripts, finding his claim "that his counsel was ineffective and that he need[ed] a transcript to prove it," was a "'naked allegation[]'" and refusing to allow the petitioner "to conduct a search for error"). *See also Tyler v. Owen*, No. 98-5101, 1999 WL 100930 (10th Cir. Mar. 1, 1999) (unpublished) (finding a request for transcripts was properly denied where the petitioner made no showing of need or purpose). Petitioner filed a reply to Respondent's Response in Opposition on April 6, 2023. Doc. 16.

On April 17, 2023, Petitioner filed the instant Motion, requesting transcripts of hearings irrelevant to his habeas claims and not referenced by Respondent in its response. Doc. 17. *See* Doc. 9 at 19-20. He claims that he did not include these in his previous Motion for Discovery because

he was "under the impression these documents did not exist due to the State's claims during the Direct Appeal proceedings that said documents could not be found and were presumed lost." Doc. 17 at 2. The transcript of the hearing on Petitioner's motion to sever and motion in *limine*, held on May 31, 2017, was filed in the Oklahoma Court of Criminal Appeals on May 30, 2019, and the three-volume transcript of the preliminary hearing, held on February 18, 19, and 26, 2016, was filed on June 12, 2019, before Petitioner's direct appeal brief was filed on July 22, 2020 (*see* Docket Sheet for *Michael Magness v. State of Oklahoma*, Oklahoma Court of Criminal Appeals Case No. F-2018-1250, attached as Exhibit 1).[1] Regardless, Petitioner was aware that these transcripts existed at the very latest on March 3, 2023, two weeks prior to the filing of his first Motion for Discovery on March 17, 2023, when Respondent filed its Response in Opposition to Petition for Writ of Habeas Corpus and noted that the transcripts were available but not relevant. Doc. 9 at 19-20. Because Petitioner knew of the transcripts' existence prior to filing his first Motion for Discovery, his request for leave to amend his motion for discovery should be denied on this basis alone. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." (emphasis added)). *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." (quotation marks omitted)). Petitioner's Motion should also be denied for the further reasons stated below.

---

[1] The preliminary hearing transcript was initially part of an objection to the notice of completion of record filed by direct appeal counsel on June 12, 2019 (attached as Exhibit 2). In its order remanding the case to the state district court for findings of fact concerning the completion of the record (attached as Exhibit 3), the Oklahoma Court of Criminal Appeals noted the preliminary hearing transcripts were filed in that court on June 12, 2019.

3

Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases, "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant." Respondent complied with that rule, attaching all of the pages of the original record and the transcripts cited by Respondent in responding to the allegations in Petitioner's petition, as Exhibits 12 and 13, respectively. Doc. 9-12; Doc. 9-13. In addition, Respondent conventionally filed the following state court record: transcripts of the hearing on the State's notice of intent to introduce evidence of other crimes or bad acts, held on February 28, 2018; the eight-volume jury trial (Tr. I-VIII); the sentencing proceeding; the five-volume original record (O.R. I-V); and the trial exhibits. Doc. 9 at 19. In the present Motion, Petitioner requests transcripts that were neither cited by Respondent nor conventionally filed, without making any attempt to demonstrate that a free copy of the transcripts would serve any necessary goal. For the same reasons Petitioner is not entitled to free copies of the transcripts Respondent conventionally filed, as stated in Respondent's Response in Opposition to Petitioner's Motion for Discovery, Petitioner is also not entitled to a free copy of transcripts that were not cited or conventionally filed, and are irrelevant to his habeas claims. *See MacCollom*, 426 U.S. at 319; *Ruark*, 958 F.2d at 319.

Respondent has complied with Rule 5(c) of the Rules Governing Section 2254 Cases. Doc. 9 at 19-20; Doc. 9-12; Doc. 9-13. Because Petitioner has not identified any reason why he needs transcripts which are irrelevant to the habeas claims he has raised, this Court should deny his request for leave to amend his Motion for Discovery. *See Bonomelli v. Dinwiddie*, No. CIV-07-212-D, 2008 WL 5059814, *1 (W.D. Okla. Nov. 21, 2008) (unpublished) (finding Rule 5(c) "requires only that the respondent provide certain documents, including 'parts of the transcript that the respondent considers relevant,'" that the respondent complied with the rule, and that the magistrate judge "did not err in denying Petitioner's general request for a complete copy of the

state court record and transcripts" (quoting Rule 5(c) of the Rules Governing Section 2254 Cases)); *Postelle v. Ezell*, No. CIV-11-425-R, 2012 WL 1999483, *15 (W.D. Okla. Apr. 11, 2012) (unpublished) (denying the petitioner's request for a full copy of the state court record, finding the petitioner had been "furnished with portions of the transcript that Respondent deemed relevant in responding to Petitioner's grounds for relief," and that the petitioner was therefore "on equal footing in replying to Respondent's Response").

For all of the above reasons, Respondent respectfully requests that this Court deny Petitioner's Request for Leave to Amend Petitioner's Motion for Discovery.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ KEELEY L. MILLER**
**KEELEY L. MILLER, OBA #18389**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

**X**   I hereby certify that on April 19, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**   I hereby certify that on April 19, 2023, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Michael D. Magness, # 765965
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK  73051-0548

s/ KEELEY L. MILLER