IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Michael Magness, Petitioner )
)
v. ) Case No: CIV-22-376-JFH-KEW
)
Pettigrew, Respondent )

**REPLY TO RESPONSE IN OPPOSITION OF PETITIONER'S
REQUEST FOR LEAVE TO AMEND MOTION FOR DISCOVERY**

Petitioner, Michael Magness, Pro Se, hereby refutes the Respondent's claims in their RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR LEAVE TO AMEND PETITIONER'S MOTION FOR DISCOVERY. [Doc. 18, filed on 4/19/2023] Petitioner shows the following:

1) Respondent's primary complaint seems to be that the requested documents are "not relevant to the issues presented" [Doc 18, top of page 2]. However, as Petitioner stated in the instant Motion [Doc 17, Point 2] both of these documents are relevance:

    a.    The preliminary hearing is the first point at which the Crouch testimony changed after the State's Witness Tampering as claimed by Petitioner's Ground 2. Unless the State now stipulates to the Tampering, it is clear that this document should both be added to the record of this Habeas Petitioner and provided to the Petitioner so that he may accurately Reply to the Respondent's Opposition.

    b.    The transcripts of the hearings on the Motion in *Limine* and the State's *Burks* notice is even more relevant as the allowance of "bad acts" by the Trial Court is a major component of Petitioner's Ground 4, a component which the Response has vigorously attacked, including the claim that the Trial Court's decisions are simply misunderstood by Petitioner. Defense Counsel objected multiple times that the Order drafted by the State following said hearing did not match the actual decisions of that hearing (in favor of the State).

These transcripts would provide direct evidence of this fact and provide Petitioner the ability to counter the Response's claims on this matter. Additionally, without these transcripts on this Habeas record, this Court will be ill equipped to properly adjudicate the underlying Ground of Abuse of Judicial Discretion.

2) Respondent's secondary complaint seems to be that:

> "Petitioner knew of the transcripts' existence prior to his filing his first Motion of Discovery" [Doc 18, middle of page 3]

A claim which Petitioner denies.

    a. Respondent's claim that Petitioner knew of these transcripts "at the very latest on March 3, 2023" [Doc 18, middle of page 3] is clearly false as Petitioner is an incarcerated litigate without access to the electronic record. While Respondent did in fact file the Response on this date, Petitioner did not receive a copy until much later. Petitioner does not have a record of the date received, but in addition to the mail time, the prison's Legal Mail system is a source of dely. It is Petitioner's memory that he received the Response on Opposition around March 10th. If the exact date is material to this matter, Petitioner will require an Order from this Court to release the record from the Law Library Supervisor. (Petitioner has asked and been denied access to the logbook, or even for the Supervisor to look it up.) Additionally, while the original Motion for Discovery was failed on March 17th, 2023, again we have the issue of mail time. As shown by the Verification, this Motion was mailed on March 15th, 2023. Thus the actual time between receiving the 100+ page Response and first Motion for Discovery was only around 5 days.

    b. While the time has been shown to be much shorter than argued, there is still the issue of Petitioner's duty of Due Diligence prior to the filing of any Motion. Petitioner admits his initial Motion for Discovery was hasty. As a pro se, incarcerated litigant,

Petitioner is inexperienced in the law and took at face value Respondent's initial claim that they had filed with this Court all documents pertinent to the matters at hand. And so Petitioner only looked to those documents referenced by the Response as necessary; however, in the following weeks of intense study and research, Petitioner realized the significance of these additional transcripts and their direct necessity in an effective counter-argument.

 c. In addition to the above, Petitioner would also show that while we (those incarcerated within the Oklahoma DOC) do have access to West Law on our tablets, we are still restricted to typing and printing in the Law Library (not to mention access to the Legal Clerks for assistance) and here at the Joseph Harp Correctional Center, that access is limited to 2 days a week with a maximum of 5.5 hours a day (if one skips lunch), assuming no one else is using the computer where your files are stored (only four computers for a yard with a 1000+ general population) or Count clears late.

 d. Respondent also goes to some length to show that Petitioner should have known of these documents' during Direct by attaching their Exhibits 1 (Direct Docket), 2 (Petitioner's Objection showing incompleteness of the Record), and 3 (OCCA's Order to the District Court to Cure). Petitioner is himself very confused by the timing presented, but the best he can tell is that the District Court did in fact file these transcripts on the same day of Petitioner's Second Motion on the incompleteness of the record (or perhaps one on that day and the other later on), but that in any event, at the time Appellate Counsel advised Petitioner to sign a waiver on the completeness of the record both of these transcripts were in fact filed with only a single exhibit missing. Petitioner maintains he was misinformed and truly believed these transcripts had been lost, but concedes that in light of the Exhibits presented by the Respondent, this misinformation was

the fault of Appellate Counsel (and therefore additional evidence of ineffectiveness), not the State.

    e. However, even with the above admissions, Petitioner asks this Court be liberal in their ruling due to Petitioner's pro se status, good faith attempts at due diligence (even when he is not always successful), and the shown necessity of these documents to the creation of an effective counter-argument and complete record.

3) Finally, Respondent reiterates their complaint of Petitioner using these documents to search out new errors. As stated in the Petitioner's Reply to Respondent's Opposition of the original Motion for Discovery, Petitioner is well aware that no new argument is allowed at this point, that any such new argument would be rejected, and has shown the valid need for these documents to craft an accurate refutation of the Respondent's claims. The identification of Petitioner's error in assigning fault for the misinformation regarding the existence of these documents to the State, rather than Appellate Counsel, in particular underlines the need for accurate, record-based information.

4) For the reasons above, Petitioner again asks this Court grant this Request and Order the Respondent to include these additional documents with the documents already Requested in the original Motion for Discovery.

Respectfully Submitted,

_____          _5/3/23_
Michael Magness, 765965                               Date
JHCC, C-1-213
PO Box 548
Lexington, OK 73051

## VERIFICATION

State of Oklahoma,      )
                        ) ss.
County of Cleveland     )

    I, Michael Magness, do swear, by penalty of perjury, that I have read the foregoing REPLY TO RESPONSE IN OPPOSITION OF PETITIONER'S REQUEST FOR LEAVE TO AMEND MOTION FOR DISCOVERY in, Case No. CIV-22-376-JFH-KEW, and that the statements therein are true to the best of my knowledge and belief.

_____      5/3/23
Michael Magness                               Date
Petitioner, Pro Se


## CERTIFICATE OF MAILING

    I, Michael Magness, do hereby affirm that on 5/3/23 a true and complete copy of the above document(s) in the above styled Case was delivered to the Joseph Harp Correctional Center's Law Library, preaddressed and postage prepaid, to be mailed to the address(es) below:

Office of Attorney General        United States Eastern District
State of Oklahoma                Court Clerk's Office
313 N.E. 21                           PO Box 607
Oklahoma City, OK 73105          Muskogee, OK 74402


_____      5/3/23
Michael Magness, 765965          Date
JHCC, C-1-213
PO Box 548
Lexington, OK 73051