IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL D. MAGNESS,

    Petitioner,

v.      Case No. 22-CV-376-JFH-DES

LUKE PETTIGREW,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Michael D. Magness's Motion for Discovery [Dkt. No. 14] and Motion for Leave to Amend Petitioner's Motion for Discovery [Dkt. No. 17]. Respondent Luke Pettigrew has responded in opposition to the motions [Dkt. Nos. 15, 18], and Magness has submitted replies [Dkt. Nos. 16, 22]. Also before the Court is Magness's Second Motion for Enlargement of Time [Dkt. No. 20], in which Magness requests an additional "twenty (20) days from the date of receipt of either the requested [d]iscovery documents or this Court's denial thereof" to file his Reply in support of his Petition. Dkt. No. 20, at 1. Having reviewed these submissions, the undersigned finds as follows.

In his Motion for Discovery, Magness requests a copy of the state court record Respondent conventionally filed on March 3, 2023, excluding the transcript of sentencing proceedings. Dkt. No. 14, at 1; *see* Dkt. No. 10, at 1. Magness asserts that he requires access to these documents "in order to provide a diligent Reply." Dkt. No. 14, at 1. In his Motion to Amend, Magness additionally requests his preliminary hearing transcript and the hearing transcript for his motion to sever and motion in limine. Dkt. No. 17, at 1-2.

In *United States v. MacCollom,* 426 U.S. 317 (1976), the Supreme Court upheld a federal statute that entitles a federal habeas petitioner proceeding under 28 U.S.C. § 2255 to obtain a free

transcript only "'if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.'" *MacCollom*, 426 U.S. at 320 (quoting 28 U.S.C. § 735(f)). The United States Court of Appeals for the Tenth Circuit extended the reasoning of *MacCollum* to § 2254 cases in *Ruark v. Gunter*, 958 F.2d 318 (10th Cir. 1992), holding that "an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." *Ruark,* 958 F.2d at 319.

Respondent argues that he has already furnished to Magness the portions of the record that Respondent deemed relevant and cited in his Response to the Petition, in compliance with Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Dkt. No. 15, at 1 (referring to exhibits 12 and 13 of the Response [Dkt. Nos. 9-12, 9-13]); Dkt. No. 18, at 1. Respondent contends that Magness does not have "an absolute right" to the additional portions of the record and that Magness has failed to "demonstrate that a free copy of his transcripts would serve any necessary goal." Dkt. No. 15, at 2; Dkt. No. 18, at 2 (stating that the transcripts requested in Magness's Motion to Amend are "irrelevant to his habeas claims and not referenced by Respondent in its response").

Regarding the question of need, Magness states:

> [M]any of the arguments in the Respondent's RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS, [Doc. 9] revolve around claims which may be refuted by the sections of the record not included. For instance, Respondent claims "no objection" was made to certain witness's non-expert testimony; however, it is Petitioner's true belief that an objection was made at the end of the previous day's record in anticipation of said testimony and so it is not in the selected sections because it was not immediately apparent in the record near the testimony itself. Another major issue is that the Petitioner's handwritten notes concerning the seventh volume of the Trial Transcripts are completely missing. (They disappeared after a shakedown conducted while I was working with them in the original post-conviction.) And so I am completely without the ability to support my claims against Titsworth's testimony and the Prosecution's misconducts associated with it.

Dkt. No. 16, at 2-3.  Magness additionally argues that the preliminary hearing transcript and the hearing transcript for his motion to sever and motion in limine are necessary because his "Grounds Two and Four explicitly deal with information found within these documents."  Dkt. No. 17, at 2.  He contends the preliminary hearing was "the first point at which the Crouch testimony changed after the State's Witness Tampering as claimed by Petitioner's Ground 2," and that the transcript is therefore necessary to prove tampering.  Dkt. No. 22, at 1.  He then claims:

> The transcripts of the hearings on the Motion in *Limine* and the State's *Burks* notice [are] even more relevant as the allowance of "bad acts" by the Trial Court is a major component of Petitioner's Ground 4, a component which the Response has vigorously attacked, including the claim that the Trial Court's decisions are simply misunderstood by Petitioner.  Defense Counsel objected multiple times that the Order drafted by the State following said hearing did not match the actual decisions of that hearing (in favor of the State).  These transcripts would provide direct evidence of this fact and provide Petitioner the ability to counter the Response's claims on this matter.

*Id.* at 1-2.

The undersigned finds that Magness has not demonstrated need for the additional records.  Habeas petitioners are not required to provide citations to the record to support their claims.  Rather, petitioners need only "state the facts supporting each ground" for relief.  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see Crowder v. Martin*, No. CIV-17-1132-R, 2018 WL 2336295, at *1 (W.D. Okla. May 23, 2018).  Further, the Court possesses the entire trial transcript, trial exhibits, and original record, and will review any portion thereof that Magness or Respondent contends is pertinent to Magness's claims.  Dkt. No. 10.  If the Court determines additional transcripts are necessary to adjudicate the claims, it may order Respondent to furnish the transcripts.  Rule 5(c), Rules Governing Section 2254 Cases in the United States District Courts.  Because Magness does not have absolute entitlement to the materials he requests and has failed to demonstrate the requisite need, the undersigned finds that

Magness's request for records should be denied.

IT IS THEREFORE ORDERED that Magness's Motion for Discovery [Dkt. No. 14] and Motion for Leave to Amend Petitioner's Motion for Discovery [Dkt. No. 17] are **denied**. Magness's Second Motion for Enlargement of Time [Dkt. No. 20] is **granted**. Should Magness wish to amend his Reply submitted on May 1, 2023 [Dkt. No. 21], he may do so within twenty (20) days of this Order.

IT IS SO ORDERED this 2nd day of May, 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE